1

2

3

4

5

6

7

8

9

10

# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| 11 UNITED STATES OF AMERICA, | Case No.  1:16-cv-01278-SAB |
| 12       Plaintiff, | ORDER FOLLOWING INFORMAL DISCOVERY DISPUTE CONFERENCE |
| 13    v. | |
| 14 JONATHAN NETZER, | (ECF No. 14) |
| 15       Defendant. | FOURTEEN DAY DEADLINE |

16

17      An informal telephonic conference was held on February 15, 2017, regarding the parties'

18 discovery dispute.  Counsel Patrick Suter appeared for Plaintiff and Defendant, appearing pro se,

19 appeared telephonically.

20 **I.**

21 **BACKGROUND**

22      On August 29, 2016, Plaintiff filed this action to recover allegedly unpaid and delinquent

23 federally insured student loans.  (Compl. at ¶ 1, ECF No. 1.)  Plaintiff alleges that Defendant

24 executed six promissory notes to secure loans that were reinsured by the United States

25 Department of Education under loan guaranty programs authorized under Title IV-B of the

26 Higher Education Act of 1965, as amended, 20 U.S.C. § 1701 <u>et</u> <u>seq.</u> (34 C.F.R. Part 682).  (Id.

27 at ¶¶ 3-8.)  The loans were disbursed between 1988 and 1990 and Defendant defaulted on some

28 in 1992 and others in 1993.  (<u>Id.</u>)  Plaintiff alleges that it has demanded payment for the unpaid

1  loans, but Defendant has failed to respond and failed to repay the defaulted loan amounts.  (Id. at

2  9.)  Plaintiff alleges that Defendant's total indebtedness was $85,377.33 as of June 30, 2016.

3  (Id.)

4       On December 7, 2016, a scheduling order issued.  (ECF No. 11.)  The parties contacted

5  the Court to schedule an informal discovery dispute conference and on February 1, 2017, a

6  minute order issued setting the conference for February 15, 2017.  (ECF No. 13.)  The parties

7  filed a letter brief addressing the discovery dispute on February 10, 2017.  (ECF No. 14.)  The

8  parties raise three issues in the current dispute: 1) Defendant's responses to Plaintiff's first set of

9  interrogatories; 2) Defendant's responses to Plaintiff's first set of requests for admissions; and 3)

10 Defendant's responses to Plaintiff's first set of requests for production.

**II.**

**LEGAL STANDARD**

13      Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery

14 "regarding any nonprivileged matter that is relevant to any party's claim or defense and

15 proportional to the needs of the case, considering the importance of the issues at stake in the

16 action, the amount in controversy, the parties' relative access to relevant information, the parties'

17 resources, the importance of the discovery in resolving the issues, and whether the burden or

18 expense of the proposed discovery outweighs its likely benefit."  Fed. R. Civ. P. 26(b)(1).

19      Motions to compel are governed by Federal Rule of Civil Procedure 37, which states, in

20 pertinent part:

> **(a) Motion for an Order Compelling Disclosure or Discovery.**
> **(1) *In General*.** On notice to other parties and all affected persons,
> a party may move for an order compelling disclosure or discovery.
> The motion must include a certification that the movant has in
> good faith conferred or attempted to confer with the person or
> party failing to make disclosure or discovery in an effort to obtain
> it without court action.

25 Fed. R. Civ. P. 37.

26      Rule 33 of the Federal Rules of Civil Procedure provides that a party may serve upon

27 another party written interrogatories that relate to any matter that may be inquired into under

28 Rule 26(b)(1) and (2). Fed. R. Civ. P. 33(a).  The interrogatories must be answered by the party

1    to whom they are directed within thirty days after being served.  Fed. R. Civ. P. 33(b).  Any

2    objection to the interrogatory must be stated with specificity.  Fed. R. Civ. P. 33(b)(4).  A party

3    may move for an order compelling an answer.  Fed. R. Civ. P. 37(a)(3)(B)(iii).

4          Rule 34 of the Federal Rules of Civil Procedure provides that a party may serve upon any

5    other party a request for production of any document, electronically stored information, or

6    tangible thing within the party's possession, custody, and control that is within the scope of Rule

7    26.  Fed. R. Civ. P. 34(a)(1)(B).  The party receiving the request has thirty days in which to

8    respond.  Fed. R. Civ. P. 34(b)(2).  A party may move for an order compelling production where

9    the opposing party fails to produce documents as requested under Rule 34.  Fed. R. Civ. P.

10   37(a)(3)(B)(iv).

11         Rule 36 of the Federal Rules of Civil Procedure provides that a party may serve upon any

12   other party a written request to admit the truth of any matters within the scope of Rule 26 for

13   purposes of the pending action relating to facts, the application of law to fact, or opinions about

14   either, and the genuineness of any described documents.  Fed. R. Civ. P. 36(a)(1).  If the party to

15   whom the request is directed does not serve a written answer or objection within thirty days after

16   being served, the matter is admitted.  Fed. R. Civ. P. 36(a)(3).  A requesting party may move to

17   determine the sufficiency of an answer or objection.  Fed. R. Civ. P. 36(a)(6).  If the court finds

18   that an answer does not comply with Rule 36, the court may order that an amended answer be

19   served.  Fed. R. Civ. P. 36(a)(6).

20                                          **III.**

21                                     **DISCUSSION**

22         Plaintiff propounded 24 separate interrogatories requesting Defendant to provide facts

23   and identify witnesses and documents related to each of the denials and affirmative defenses set

24   forth in his answer.  (ECF No. 14 at 2.)  Plaintiff propounded 23 separate requests for admissions

25   that required Defendant to admit or deny that he executed promissory notes for the loans at issue

26   in this action, that it is his signature on the promissory notes attached to the requests, and that he

27   has outstanding balances on the loans.  (Id.)  Plaintiff also propounded 8 separate requests for

28   production of documents that sought all documents that support any denial of a request for

                                            3

1    admission, support denials set forth in Defendant's answer, and support the affirmative defenses

2    based on Defendant's claim that he has satisfied the subject loans.  (Id.)

3                A.        **Responses to Plaintiff's First Set of Interrogatories**

4          Plaintiff asserts that Defendant's responses to the interrogatories are insufficient, because

5    if Defendant cannot respond to the requests, he must state under oath that he is unable to provide

6    the information and must describe the efforts used to obtain the information.  Plaintiff contends

7    that Defendant should be able to discover facts about the loans.

8          In response to the three issues in the instant dispute, Defendant asserts that he does not

9    have any documents or specific memory of the loans almost thirty years later.   Defendant

10   contends that he does not have access to his records of the settlement which he states was when

11   he repaid his student loan obligation in full.  Defendant states that both plaintiff's counsel in the

12   settlement action and his bank have informed him that due to the age of the documents, no

13   settlement or payment records currently exist.

14         Each interrogatory must, to the extent it is not objected to, be answered separately and

15   fully in writing under oath.  Fed. R. Civ. P. 33(b)(3).  "A party answering interrogatories has an

16   affirmative duty to furnish any and all information available to the party."  Bryant v. Armstrong,

17   285 F.R.D. 596, 612 (S.D. Cal. 2012) (quoting 7 James Wm. Moore, et al., Moore's Federal

18   Practice, § 33.102[1], at 33–72 (footnote omitted)).  The responding party, if unable to provide

19   the requested information, may not simply refuse to answer.  Bryant, 285 F.R.D. at 612 (citations

20   omitted).   "The responding party must state under oath that he is unable to provide the

21   information and must describe the efforts he used to obtain the information."  Id. (citations

22   omitted).

23         To comply with the discovery rules, Defendant must confirm that he has made a thorough

24   attempt to obtain the information.  The Court finds that Defendant's responses to Plaintiff's

25   request for interrogatories are not sufficient to meet his discovery obligations.  Therefore, the

26   Court finds that Defendant is required to supplement his responses to Plaintiff's first set of

27   interrogatories in accordance with Federal Rules of Civil Procedure 26(g)(1) and 33.  See Fed. R.

28

4

1    Civ. P. 26(g)(1) and 33.[1]   If after a thorough attempt to obtain the information, Defendant is

2    unable to, he must state so and describe the steps taken to answer in response to each

3    interrogatory and must make his response under oath.

**B.      Responses to Plaintiff's First Set of Requests for Admissions**

5         As to Plaintiff's request for admissions, Plaintiff argues that Defendant's qualified

6    denials claiming that he lacked necessary information to admit are improper.  Plaintiff contends

7    that Defendant did not provide the required specificity for each denial and has not indicated that

8    he made the required reasonable inquiry.

9         When a party fails to admit or deny a request for admission based on a lack of knowledge

10   or information, the party must state that it has made a reasonable inquiry and that the information

11   it knows or can readily obtain is insufficient to enable it to admit or deny.  Fed. R. Civ. P.

12   36(a)(4); Asea, Inc. v. Southern Pac. Transp. Co., 69 F.2d 1242, 1245-46 (9th Cir. 1981).

13        To comply with the discovery rules, Defendant must confirm that he has made a

14   reasonable inquiry to obtain the information.  The Court finds that Defendant's responses to the

15   requests for admissions are not sufficient to meet his discovery obligations.  Therefore, the Court

16   finds that Defendant is required to supplement his responses to the requests for admissions in

17   accordance with Federal Rules of Civil Procedure 26(g)(1) and 36.  See Fed. R. Civ. P. 26(g)(1)

18   and 36.  If after a thorough inquiry, the information known or readily obtainable by Defendant is

19   insufficient for him to admit or deny, he must state so in response to each request for admission.

**C.      Responses to Plaintiff's First Set of Requests for Production**

21        Plaintiff argues that Defendant's response that he is not in possession of any responsive

22   documents and that the documents are believed to be in the file of his former law group that he

23   does not have access to is inadequate.  Plaintiff argues that the documents are within Defendant's

24

---

[1] If a party is unrepresented, every discovery response must be signed by the party personally and must state the party's address, e-mail address, and telephone number.  By signing, the party certifies that to the best of the party's knowledge, information, and belief formed after a reasonable inquiry, the discovery response is: (i) consistent with the Rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action.  See Fed. R. Civ. P. 26(g)(1).

1   possession, custody, or control, and that if he does not have actual possession of them, he has the

2   legal right to obtain them.   Plaintiff contends that the responses do not mention any effort to

3   obtain responsive documents.

4          The Federal Rules require a party responding to requests for production to make "a

5   reasonable inquiry to determine whether responsive documents exist, and if they do not, the

6   'party should so state with sufficient specificity to allow the Court to determine whether the

7   party made a reasonable inquiry and exercised due diligence.' " Rogers v. Giurbino, 288 F.R.D.

8   469, 485 (S.D. Cal. 2012) (quoting Marti v. Baires, 2012 WL 2029720, at *19-20 (E.D. Cal. June

9   5, 2012) and citing Uribe v. McKesson, No. 1:08-cv-1285-DMS-NLS, 2010 WL 892093, at *1

10  (E.D. Cal. Mar. 8, 2010)).

11         To comply with the discovery rules, Defendant must confirm that he has made a thorough

12  search for responsive documents using due diligence.   The Court finds that Defendant's

13  responses to the requests for production are not sufficient to meet his discovery obligations.

14  Therefore, the Court finds that Defendant is required to supplement his responses to the requests

15  for production of documents in accordance with Federal Rules of Civil Procedure 26(g)(1) and

16  34.  See Fed. R. Civ. P. 26(g)(1) and 34.  If Defendant does not find responsive documents after

17  a thorough search using due diligence, he must state so in response to each category or item

18  requested.   Rogers, 288 F.R.D. at 485 (citing 7 James Wm. Moore, et al., Moore's Federal

19  Practice, §§ 34.13[2][a], at 34–57 and 34.14[2][a], at 34–73 (footnotes omitted)).   Further, in

20  responding to each request, Defendant is not limited to those documents within his possession as

21  shall be discussed below.

22         "Under Federal Rule of Civil Procedure 34, documents sought in discovery motions must

23  be within the 'possession, custody or control' of the party upon whom the request is served."

24  Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal. 1995).  "Control is defined as the legal

25  right to obtain documents upon demand." United States v. Int'l Union of Petroleum & Indus.

26  Workers, AFL-CIO, 870 F.2d 1450, 1452 (9th Cir. 1989) (citing Searock v. Stripling, 736 F.2d

27  650, 653 (11th Cir. 1984)).   Therefore, Rule 34 does not require the party to have actual

28  possession of responsive documents and a party may be ordered to produce documents that are in

1    the possession of third parties "if that party has the legal right to obtain the document or has

2    control over the entity that has possession of the document." See Soto, 162 F.R.D. at 619 (citing

3    Buckley v. Vidal, 50 F.R.D. 271, 274 (S.D. N.Y. 1970)).

4         This may require Defendant to obtain documents from third parties in order to comply

5    with his discovery obligations.  Further, as discussed above, if no responsive documents are

6    identified after a reasonable and diligent search, then Defendant must state so in response to each

7    category or item requested.

8                                                    **IV.**

9                                                   **ORDER**

10        Accordingly, IT IS HEREBY ORDERED that Defendant shall serve supplemental

11   responses to Plaintiff's first set of interrogatories, first set of requests for admissions, and first set

12   of requests for production within fourteen days of the service of this order.

13

14   IT IS SO ORDERED.

15   Dated:   **February 15, 2017**

                                                 _____
                                                 UNITED STATES MAGISTRATE JUDGE

7